**The PEOPLE of the State of Colorado,
Plaintiff-Appellee,**

v.

**Myron Lee STANDISH,
Defendant-Appellant.**

**No. 83CA0622.**

Colorado Court of Appeals,
Div. II.

Feb. 7, 1985.

Rehearing Denied March 7, 1985.

Certiorari Denied June 24, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., John Milton Hutchins, First Asst. Atty. Gen., Dolores S. Atencio, Asst. Atty. Gen., Denver, for plaintiff-appellee.

William M. Caldwell, Jane S. Hazen, Denver, for defendant-appellant.

VAN CISE, Judge.

In 1978, pursuant to a plea agreement, defendant, Myron Lee Standish, pled guilty to second degree murder and was sentenced to a term of 18 to 30 years in the penitentiary. In 1983, he filed a Crim.P. 35(c) motion to vacate sentence and judgment. After evidentiary hearings, the motion was denied. Claiming that the terms of the plea agreement were violated by the prosecution and that the trial court failed to advise him adequately of the material elements of the offense and of the basis of the plea agreement, defendant appeals the order denying his motion. We affirm.

I.

Defendant was originally charged with two counts of first degree murder. Pursuant to a plea agreement, the first degree murder counts were dismissed and defendant pled guilty to second degree murder. When the plea was entered, one of the prosecutors stated to the court that the People "would take no position at sentencing."

At the sentencing hearing, the same prosecutor said:

"Your Honor, the only statement I would make is that as part of the plea bargaining in this case, we agreed not to take any position on sentencing, but we did reserve our right to put the facts on and for that purpose we are going to call [a police detective familiar with the facts of the case] to testify, and that is the only testimony we will present."

The officer then related to the court the facts of the case.

The prosecutor then commented that the facts in the case would support a first degree murder conviction. Defendant did not object to either the prosecutor's statements or the testimony of the police officer.

Defendant claims that the prosecutor violated the terms of the plea agreement by not standing mute at the sentencing hearing and by resisting his Crim.P. 35(c) motion. We disagree.

Resolution of the dispute over the meaning of the phrase "take no position at sentencing" was made by the trial court to whom the plea was originally submitted, after evidentiary hearings concerning what the parties to the plea bargain reasonably understood. *See United States v. Arnett*, 628 F.2d 1162 (9th Cir.1979).

At those hearings, one of the two prosecutors stated that she specifically told defense counsel during plea negotiations that the People would have the officer testify as to the facts. Furthermore, both prosecutors stated that the phrase "take no position" on sentencing meant simply that the People "would not comment on any prospective sentence the defendant might receive." The attorney who had represented defendant at the trial was unable to remember any specifics in regard to plea negotiations but was of the opinion that the prosecutor would not ask for any specific sentence. Defendant stated he believed that the prosecution would stand silent at sentencing, but that no one, either his attorney or the prosecutor, had told him that. All parties agreed that the prosecutor's promise to "take no position" on sentencing did not extend to post-conviction relief proceedings.

■ The trial court found that the parties understood the prosecutor's promise to mean that the prosecutor "would not recommend sentencing at the time the matter was before the court." It further found that there had been neither prosecutorial misconduct nor ineffective assistance by defense counsel. Having evidentiary support, these findings and conclusions are binding on review. *People v. Fish*, 660 P.2d 505 (Colo.1983).

## II.

We also disagree with defendant's contention that he was insufficiently advised at the time the plea was accepted.

■ The record supports the trial court's conclusions, made at that hearing, that defendant was knowingly, intelligently, and voluntarily pleading guilty, that he understood the nature of the charges against him, and that he understood the constitutional rights he was waiving by pleading guilty. *People v. Muniz*, 667 P.2d 1377 (Colo.1983); *People v. Marsh*, 183 Colo. 258, 516 P.2d 431 (1973).

Order affirmed.

BERMAN and KELLY, JJ., concur.